```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 98-11841-DPW |
| v. | ) | |
| | ) | |
| ONE BLUE 1997 | ) | |
| MERCURY MOUNTAINEER, | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER
June 12, 2001

Claimant Alan Scott moves in this forfeiture action to suppress all evidence gathered by the government as a result of warrantless searches of Scott's person and automobile conducted by the Natick Police on December 5, 1995. Scott submits that the warrantless searches of his person and automobile exceeded the permissible scope of a Terry stop; that his arrest was unlawful; and that the subsequent inventory search of the vehicle was unlawful.

In opposing Scott's motion to suppress, the government contends that Scott's claims lack merit because the United States did not rely upon the evidence gathered during the 1995 searches in initiating this in rem forfeiture action. The government also notes that the searches have been determined consistent with the Fourth Amendment by Judge O'Toole, who rejected Scott's motion to suppress in related criminal proceedings, United States v. Scott, Crim. No. 97-10339-GAO, (July 22, 1999), appeals docketed as Nos. 99-2236, 00-1379, 00-2350 (1st Cir.).




While referencing the prior adjudication of Scott's claims in a proceeding to which both Scott and the government were parties, the government inexplicably fails to argue that the prior adjudication is res judicata in the instant matter as to suppression claims which were or could have been raised in the federal criminal proceeding.[1]  I conclude, however, that principles of res judicata are determinative of this case.

The collateral estoppel, or issue preclusion, dimension to the doctrine of res judicata protects litigants from the burden of relitigating an identical issue with the same party or a person in privity with such a party.  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)(citation omitted).  The Supreme

---

[1] The government does, however, argue--correctly, but inexplicably without reference to First Circuit case law on point--that a prior state court decision to suppress the evidence is not binding on a federal court, unless "federal authorities substantially controlled the state action or were virtually represented by the state court prosecutor."  United States v. Charles, 213 F.3d 10, 21 (1st Cir. 2000) (quoting United States v. Sutherland, 929 F.2d 765, 771 (1st Cir. 1991)); see also United States v. Land At 5 Bell Rock Rd., 896 F.2d 605, 610 (1st Cir. 1990); United States v. Bonilla Romero, 836 F.2d 39, 43 (1st Cir. 1987).  There is nothing in the record to suggest that the state prosecutor in the prior state proceeding was engaged in representing the federal authorities.
   Judge O'Toole, by contrast, made a federal court determination on the issues, which I am bound--as explained in the text of this memorandum--to treat as dispositive despite the fact that his determination is on appeal.  See generally, Williams v. Commissioner, 1 F.3d 502, 504 (7th Cir.1993) ("[A] judgment final in the trial court may have collateral estoppel effect even though the loser has not exhausted his appellate remedies."); United States v. Int'l Brotherhood of Teamsters, 905 F.2d 610, 621 (2d Cir.1990) (pendency of criminal appeal generally does not deprive judgment of its preclusive effect); Erebia v. Chrysler Plastic Prods. Corp., 891 F.2d 1212, 1215 n. 1 (6th Cir.1989) ("It should be noted that the established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal.")

Court has stated that once a court has decided an issue of fact or law necessary to its judgment, "that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979); see also Ashe v. Swenson, 397 U.S. 436, 443 (1970).

Whether a claimant in a civil forfeiture action is precluded from relitigating a suppression issue that was litigated in the underlying criminal action is an issue that has been considered by several circuits. In a recent unpublished opinion, the Ninth Circuit affirmed the district court's determination that collateral estoppel principles prevented the defendant from challenging the legality of a search in a civil forfeiture action when the search had already been upheld in his underlying criminal case, explaining that "the legality of the search was 'actually litigated and necessary to the outcome' of [the defendant's] original motion to suppress." United States v. $6,007.00 U.S. Currency, 242 F.3d 385, 385 (9th Cir. 2000) (quoting Parklane Hosiery Co., 439 U.S. at 327 n. 5). See also United States v. Real Property Known and Numbered as 415 East Mitchell Ave., 149 F.3d 472 (6th Cir. 1998) (claimant who entered guilty plea in underlying criminal case was collaterally estopped, in subsequent civil forfeiture action, from asserting unlawfulness of search warrant); United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road, 59 F.3d 974, 979-80 (9th Cir. 1994) (claimant was collaterally estopped

from raising Fourth Amendment issue as defense to civil forfeiture action, where he raised issue during state criminal proceeding and motion to suppress was denied); abrogation recog. on other grounds, United States v. $273,969.04 U. S. Currency, 164 F.3d 462, 466 n. 3 (9th Cir. 1999); United States v. U.S. Currency in the Amount of $228,536.00, 895 F.2d 908, 918 (2d Cir.) (applying collateral estoppel to prevent relitigation in civil forfeiture proceeding of Fourth Amendment issue raised during suppression hearings at prior state criminal trial), cert. denied, Parker v. United States, 495 U.S. 958 (1990).

Scott and the federal government were parties to both this and the prior criminal proceeding before Judge O'Toole; the suppression issues were the same in both proceedings; the issues were determined by a valid and final (at least until overturned on appeal) judgment and, as Scott's pending appeal of Judge O'Toole's suppression order underscores, the determination of the suppression issue was essential to the criminal judgment. I am consequently bound by Judge O'Toole's determination of the suppression issues and accordingly, hereby DENY claimant Scott's Motion to Suppress.

/s/ Douglas P. Woodlock<br>
DOUGLAS P. WOODLOCK<br>
UNITED STATES DISTRICT JUDGE